UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISON

AMBER SULLIVAN, as Personal
Representative of the Estate of
NATHANIEL SULLIVAN, deceased,

    Plaintiff,

v.                    CASE NO.: 8:13-cv-515-T-33MAP

BOTTLING GROUP LLC, d/b/a
THE PEPSI BOTTLING GROUP and
SCOTT GORENC,

    Defendants.
_____/

**<u>ORDER</u>**

     Defendants removed this wrongful death action on the basis of the Court's diversity jurisdiction and assert that Defendant Scott Gorenc's status as a citizen of Florida does not bar removal because Gorenc was fraudulently joined.  Plaintiff, on the other hand, seeks remand based on her contention that she has asserted a valid state law claim against Gorenc under Florida law.  For the reasons discussed below, this Court determines that Gorenc was not fraudulently joined and his presence as a forum defendant warrants an Order of remand.

I.   **Factual Background**

Plaintiff Amber Sullivan is the Personal Representative of Nathaniel Sullivan, an individual who died in an accident at a Tampa, Florida Pepsi facility. (Doc. # 2 at ¶ 7). Plaintiff alleges that Pepsi used an automated storage retrieval system at this plant, a component of which – the Vertical Lift System – became inoperative sometime before March 11, 2011. (Id. at ¶¶ 7-10). Plaintiff further alleges that Pepsi contracted with Westphalia Technology, Inc. to maintain and repair the Vertical Lift System. (Id. at ¶ 12).   Decedent, a Westphalia employee, was "crushed" while repairing the Vertical Lift System and died on March 11, 2011, from "blunt force trauma." (Id. at ¶¶ 3, 11).

According to Defendant Gorenc, a Pepsi employee, repairing the Vertical Lift System required it to be raised approximately eight feet and secured there with two safety brackets. (Doc. # 6-1 at ¶ 4). Plaintiff alleges that Defendants retained control over the maintenance and installation of the safety brackets and that Gorenc supervised the securing of the Vertical Lift System. (Doc. # 2 at ¶¶ 14, 18). Gorenc allegedly also aided in securing the Vertical Lift System with another Pepsi employee, John

2

Boccio. (Id. at ¶¶ 14-16). Nevertheless, Gorenc and two other Pepsi employees submitted affidavits stating that Gorenc was neither trained to repair the Vertical Lift System nor did he install the safety brackets. (Doc. # 6-1 at ¶¶ 3, 5).

However, these affidavits also state that Gorenc aided decedent in repairing the Vertical Lift System. (Id. at ¶ 8). Gorenc indicates that decedent, aided by another Westphalia employee, removed broken chains from the Vertical Lift System and directed Gorenc to feed decedent new chain from below the Vertical Lift System. (Id. at ¶¶ 7-8). Gorenc also states that decedent instructed a third Pepsi employee to operate the Vertical Lift System upward, but before moving, it fell from where it was suspended and crushed decedent. (Id. at ¶¶ 9-10; Doc. # 2 at ¶ 3).

## II.   Procedural History

On January 29, 2013, Plaintiff filed a state court action against Pepsi and Gorenc pursuant to Florida's Wrongful Death Statute. (Doc. # 2). Plaintiff contends that Defendants were negligent, inter alia, in the maintenance and installation of the safety brackets used to secure the Vertical Lift System that crushed and killed decedent. (Id.). Defendants timely removed the action to this Court

3

on February 25, 2013, on the basis of diversity of citizenship. (Doc. # 1).   Defendants acknowledge that Gorenc is a forum defendant, but submit that the Court can ignore Gorenc's presence in this action because he was fraudulently joined.

Specifically, on March 9, 2013, Defendants filed their Joint Motion to Strike Portions of the Plaintiff's Complaint for Improper Joinder or, in the Alternative, Motion to Strike as a Sham Pleading and Motion for Partial Summary Judgment as to Counts II and III, in which Defendants argue that 28 U.S.C. § 1441(b)(2) – which precludes removal if any properly served and joined defendant is a citizen of the forum state – does not bar removal here, because Gorenc was fraudulently joined. (Doc. # 6). As previously mentioned, attached to Defendants' Motion to Strike are three affidavits attesting that Gorenc did not supervise – but did aid in – the repairs of the Vertical Lift System. (Doc. # 6-1).

Plaintiff filed a Response in Opposition to Defendants' Motion to Strike and Motion for Summary Judgment and also filed a Motion for Remand, pursuant to 28 U.S.C. § 1447. (Doc. ## 10-11). Plaintiff contends that there is a valid state law claim against Gorenc under

4

Florida's "undertaker's doctrine," because Gorenc aided in repairing the Vertical Lift System. (Doc. ## 10-11). In response, Defendants maintain that Plaintiff failed to controvert the affidavits filed in support of Defendants' Motion to Strike and request this Court retain jurisdiction over this matter. (Doc. # 12).

## III. **Analysis**

### A. **Removal and the Forum Defendant Rule**

Removal statutes implicate significant federalism concerns and thus must be strictly construed, with all uncertainties resolved in favor of remand. <u>Henderson v. Washington Nat'l Ins. Co</u>, 454 F.3d 1278, 1281 (11th Cir. 2006); <u>Crowe v. Coleman</u>, 113 F.3d 1536, 1538 (11th Cir. 1997).

28 U.S.C. § 1441 allows a defendant to remove most civil actions originally filed in state court over which a district court has original jurisdiction. The defendant bears the burden of establishing a right to remove. <u>Henderson</u>, 454 F.3d at 1281. However, in cases where removal is based solely on diversity jurisdiction, as is the case here, § 1441(b)(2) prohibits removal when any properly served and joined defendant is a citizen of the state in which the action is filed. This doctrine,

commonly known as the forum defendant rule, states: "A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2).

The Eleventh Circuit and the majority of the federal courts of appeal have held that the forum defendant rule is not a limitation on the subject matter jurisdiction of the district courts. <u>Snapper, Inc. v. Redan</u>, 171 F.3d 1249, 1258 (11th Cir. 1999). Rather, the forum defendant rule is a statutory impediment to the exercise of jurisdiction. If not raised within 30 days of removal, it is considered waived under 28 U.S.C. § 1447(b). Here, Plaintiff timely raised the issue and has not waived her objection to Gorenc's presence in this action as a forum defendant.

### B. <u>Fraudulent Joinder</u>

The fraudulent joinder doctrine is an exception to the forum defendant rule and applies when "there is no possibility that the plaintiff can establish a cause of action against a resident defendant." <u>See</u> <u>Stillwell v. Allstate Ins. Co.</u>, 663 F.3d 1329, 1332 (11th Cir. 2011). When a defendant alleges fraudulent joinder, that defendant

6

bears the heavy burden of establishing by clear and convincing evidence that "there is no possibility the plaintiff can establish a cause of action against the resident defendant." Henderson, 454 F.3d at 1281; see also Crowe, 113 F.3d at 1539.

"If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." Triggs v. John Crump Toyota, Inc., 154 F.3d 1284, 1287 (11th Cir. 1998)(internal citation omitted). Thus, the plaintiff only needs to have a possibility of stating a valid claim – not "a winning case." Id.

To determine whether there is a possibility of a valid state law claim, a district court evaluates all factual allegations in a light most favorable to the plaintiff and any uncertainties concerning substantive state law must be decided in plaintiff's favor. Crowe, 113 F.3d at 1538. In so doing, the court looks to the plaintiff's pleadings at the time of removal; however, it may consider additional affidavits and depositions submitted by the parties. Id.; Legg v. Wyeth, 428 F.3d 1317, 1322 (11th Cir. 2005).

In Legg, the plaintiff originally filed suit in state court against a corporation and several of its sales agents, who were non-diverse citizens of the forum state. 428 F.3d at 1319. The defendants removed, arguing the non-diverse parties were fraudulently joined to defeat jurisdiction. Id. Three affidavits by the non-diverse defendants were attached to the petition for removal, each of which asserted facts showing the non-diverse parties were fraudulently joined. Id. at 1321-22.

The plaintiff in Legg moved to remand, but did not address two of the three affidavits, and in an attempt to rebut the third affidavit, the plaintiff submitted evidence that did not address or controvert the facts asserted. Id. at 1322. Nevertheless, the district court remanded, reasoning that there was a possibility for the assertion of a valid state law claim. Id. On a limited appeal over attorney's fees, the Legg court held: when a plaintiff fails to respond to or controvert facts in a sworn affidavit, then there is no question for the court to resolve and remand is not warranted solely on a complaint's unsupported allegations. Id. at 1323.

## 1. **Relevant Florida Law**

Sections 768.16-768.26, Florida Statutes, create a cause of action for wrongful death; specifically, Section 768.19 creates a cause of action when "the death of a person is caused by the wrongful conduct, negligence, default, or breach of contract or warranty of any person." Fla. Stat. § 768.19. The elements of a wrongful death action are: 1) a legal duty owed to the decedent, 2) breach of that duty, 3) the legal or proximate cause of death was that breach, and 4) consequential damages. Jenkins v. W.L. Roberts, Inc., 851 So. 2d 781, 783 (Fla. 1st DCA 2003). In a negligence case, duty is the threshold question. McCain v. Fla. Power Corp., 593 So. 2d 500, 502 (Fla. 1992).

Florida courts have held that "a legal duty will arise whenever a human endeavor creates a generalized and foreseeable risk of harming others." Id. at 503. And, a duty may derive from the general facts of the case. Wallace v. Dean, 3 So. 3d 1035, 1047 (Fla. 2009) (citation omitted). Further, Florida courts have adopted the Restatement (Second) of Torts' definition of the undertaker's doctrine:

> One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of the other's person or things, is subject to liability to the other for physical harm resulting from his failure to exercise reasonable care to perform his undertaking if,
> 
>> (a) his failure to exercise such care increases the risk of such harm, or
>> (b) the harm is suffered because of the other's reliance upon the undertaking.

Restatement (Second) of Torts (1965), § 323.

As the _Wallace_ Court stated: "Voluntarily undertaking to do an act that if not accomplished with due care might increase the risk of harm to others or might result in harm to others due to their reliance upon the undertaking confers a duty of reasonable care, because it . . . creates a foreseeable zone of risk." 3 So. 3d at 1050 (citations omitted). Moreover, a "failure to conform to the standard [of care] is negligence . . . even if it is due to clumsiness, stupidity, forgetfulness, . . . or even sheer ignorance." _Id._ at 1042 (citations omitted). Yet, "a defendant might be under a legal duty of care to a specific plaintiff, but still not be liable for negligence because proximate causation cannot be proven." _McCain_, 593 So. 2d at 502-503.

## 2. <u>Possibility of a Valid State Law Claim</u>

Unlike the <u>Legg</u> case, Plaintiff in this matter has responded to Defendants' affidavits and has directed the Court to the undertaker's doctrine. (Doc. # 10 at 4-6). In so doing, Plaintiff argues: even assuming all facts stated in Defendants' affidavits are true, Gorenc is still liable pursuant to the undertaker's doctrine.

Under Florida law, duty is the "minimal threshold legal requirement," <u>McCain</u>, 593 So. 2d at 502, and Florida law recognizes a duty whenever one person voluntarily undertakes to aid another. <u>Id.</u> at 500; <u>Wallace</u>, 3 So. 3d at 1035. Based on the fact that Gorenc, along with two others, has sworn that he was present during – and aided in – the repair of the Vertical Lift System, it is not facially fraudulent for Plaintiff to assert a claim against Gorenc. (Doc. # 6-1).

Furthermore, Gorenc's and Boccio's affidavits state that "the maintenance [of the Vertical Lift System] was beyond the scope and training of [Pepsi's] employees." (<u>Id.</u> at 1, ¶ 3; 3, ¶ 3). As the <u>Wallace</u> Court noted, "failure to conform to the standard [of care]" – the source of which is created when one undertakes to aid another, as Gorenc admits to doing – "is negligence . . . even if it is due to

11

clumsiness, stupidity, forgetfulness, . . . or even sheer ignorance." 3 So. 3d at 1042 (citations omitted). Because Gorenc's own affidavit establishes that he aided in repairing the Vertical Lift System, this Court finds a possibility of a valid claim under the undertaker's doctrine. Therefore, the Court determines that Gorenc's joinder in this action was not fraudulent.[1]

## IV. Summary

Plaintiff asserts a cognizable claim against Gorenc because Florida courts recognize the undertaker's doctrine and Gorenc admits that he aided in repairing the Vertical Lift System—the very System that crushed decedent and caused his death. Defendants' fraudulent joinder arguments are therefore unavailing and Plaintiff's Motion to Remand is granted based on the application of the forum defendant rule.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Defendants' Joint Motion to Strike Portions of the Plaintiff's Complaint for Improper Joinder or, in the

---

[1]   While the Court denies Defendants' Motion to Strike after finding that Gorenc was not fraudulently joined in this action, it is neither necessary nor appropriate to address Defendants' alternative request for partial summary judgment.

Alternative, Motion to Strike as a Sham Pleading and Motion for Partial Summary Judgment as to Counts II and III (Doc. # 6) is **DENIED** as specified herein.

(2)   Plaintiff's Motion for Remand (Doc. # 11) is **GRANTED**.

(3)   The Clerk is directed to **REMAND** this case to state court.

(4)   After remand has been effected, the Clerk shall terminate all pending motions and **CLOSE THIS CASE**.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>24th</u> day of June, 2013.


VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE


Copies to: All counsel of record

13